## No. 839

### PRICE & CO. v. DAVIS, Agt.

Ohio Appeals, 1st Dist., Hamilton Co.

543. FOREIGN CORPORATIONS. — 991. Railroads.

H. Hightower, Cincinnati, for Price & Co.

Maxwell & Ramsey, Cincinnati, for Davis.

HAMILTON, J.

Foreign railroad corporation, having office in state for soliciting traffic, held to carry on business, so as to subject it to state courts, and its general agent was managing agent, within Section 11290 GC.

(Cushing and Buchwalter, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## No. 840

### EASTMAN, Ex Parte

Ohio Appeals, 1st Dist., Hamilton Co.

Herman P. Goebel, Cincinnati, for M. W. Eastman.

Franks & Franks, Cincinnati, for R. S. Eastman.

677. JUDGMENTS AND DECREES.—465. Error.

CUSHING, J.

1. Judgment of court of common pleas finding that party should do certain things, and rendering judgment against him for costs, which was set aside and case set down for hearing on merits, is not one from which error can be prosecuted under Article IV, Section 6 of the Constitution.

2. Judgment cannot be entered against party who is not before the court.

(Buchwalter, PJ., and Hamilton, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## No. 841

### WIDICAN v. WIDICAN

Ohio Appeals, 9th Dist., Summit Co.

Jonathan Taylor, Akron, for plaintiff.

413. DIVORCE AND ALIMONY.

WASHBURN, J.

1. In reviewing a divorce proceeding, as the trial judge in the determination of facts has the opportunity of observing the demeanor and conduct of the witnesses, and is charged with the duty of carrying out and promoting a sound public policy, he should be allowed a wide latitude of discretion.

2. When a divorce is refused by the trial court and error is prosecuted to the Court of Appeals, and there is no conflict in the evidence and the judges of the Court of Appeals are clearly and unanimously of the opinion that a divorce should have been granted, the judgment of the trial court should be reversed; and, being presented only a question of law, the Court of Appeals may enter the judgment which the trial court should have entered.

(Pardee, PJ., and Funk, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## No. 842

### GEHRING CO. v. McCUE

Ohio Appeals, 8th Dist., Cuyahoga Co.

Turney & Sipe, Cleveland, for Gehring Co.

Bates, Macklin, Goldrick & Teare, Cleveland for McCue.

1206. UNFAIR COMPETITION.—897. Patents.—681. Jurisdiction.

SULLIVAN, J.

1. United States courts are given exclusive jurisdiction in suits for infringements of letters patent, either in law or equity.

2. Where issues raised in action for patent infringement do not involve validity of patent right, they are within jurisdiction of state courts.

3. Foundation of action for unfair competition may consist of conduct by defendant of such persistent and continuous nature as has resulted in damage to plaintiff in production and sale of its wares.

4. Malicious acts by way of litigation in courts, not founded on good faith but to harass and injure rival producing and selling same commodity, may authorize recovery as for unfair competition.

5. "Unfair competition" is conduct of trade or business in such manner that there is express or implied representation that goods or business of one man are goods or business of another.

(Levine, PJ., and Vickery, J., concur.)

For reference of full opinion, see Omnibus Index, last page, this issue.